## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

REGGIE CUMMINGS,

     Plaintiff,

v.                                                    Case No.  4:23-cv-170-MW/MJF

A. ACOSTA MARTINEZ,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

## I.  BACKGROUND

On April 23, 2024, the undersigned ordered Plaintiff to respond to Defendant's motion to dismiss. Doc. 23 at 2. The undersigned imposed a compliance deadline of May 23, 2024. *Id.* The undersigned warned Plaintiff that the failure to comply would result in the court presuming that Plaintiff does not oppose Defendants' motion to dismiss. *Id.* Plaintiff did not comply with that order.

On June 3, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of April 23, 2024. Doc. 24 at 2. The undersigned imposed a compliance deadline of June 24, 2024. *Id.* The undersigned warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.* Plaintiff has not complied with that order.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Here, Plaintiff has not complied with two court orders and has not diligently prosecuted this action. Ninety days have passed since Defendant filed his motion to dismiss. Plaintiff has not filed a response in opposition despite the requirement of the Local Rules that Plaintiff do so, and despite the undersigned's order requiring Plaintiff to file a response if he opposed the motion. Furthermore,

Plaintiff has not shown good cause for these failures. Accordingly, dismissal of this civil action is appropriate.

### III.  CONCLUSION

Because Plaintiff failed to comply with court orders and has failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this action without prejudice.

2.  **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>9th</u> day of July, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to**

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.